CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

July 26, 2024

LAURA A. AUSTIN, CLERK
BY  s/ S. MELVIN
      DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | |
|---|---|
| ZHIXI XU, | ) |
| | ) |
| Plaintiff, | ) Civil Action No.: 3:24-cv-00057 |
| | ) |
| v. | ) |
| | ) |
| FLOW COMPANIES OF CHARLOTTESVILLE, LLC, d/b/a FLOW PORSCHE and d/b/a CHARLOTTESVILLE PORSCHE, | ) JURY TRIAL REQUESTED |
| | ) |
| Defendant. | ) |

## COMPLAINT

COMES NOW, Plaintiff Zhixi Xu, by Counsel, and states as her Complaint against Defendant Flow Companies of Charlottesville, LLC the following:

1. Plaintiff Zhixi Xu brings this action for unlawful discrimination based on her race, ethnicity, cultural characteristics, and national origin pursuant to the Civil Rights Act of 1866, 42 U.S.C. § 1981, the Virginia Human Rights Act ("VHRA"), Va. Code § 2.2-3900, *et seq*., and the common law of the Commonwealth of Virginia.

### PARTIES

2. Plaintiff Zhixi Xu is a citizen of China and is a resident of the State of California. At the time of the acts of discrimination by Defendant Flow Porsche, Plaintiff was a resident of the City of Charlottesville, Virginia.

3. Defendant Flow Companies of Charlottesville, LLC ("Flow Porsche") is a limited liability company formed and existing under the laws of the State of North Carolina, is registered to business in the Commonwealth of Virginia, and conducts business in the Commonwealth of

Virginia under the business names "Flow Porsche" and "Charlottesville Porsche." Defendant Flow Porsche conducts substantial business activity in the City of Charlottesville and County of Albemarle, Commonwealth of Virginia.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§1331, 1332, 1343, and 1367.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1)-(3).

3. Plaintiff timely filed a Charge of Discrimination with the Virginia Attorney General's Office, Office of Civil Rights that included within its scope the claims alleged herein and brought pursuant to the VHRA. The Plaintiff received a Notice of Right to Sue from the Office of Civil Rights dated April 30, 2024 and is filing this action within ninety (90) days of her receipt thereof.

## FACTS AND ALLEGATIONS COMMON TO ALL COUNTS

4. Plaintiff Zhixi Xu is an Asian female and her national origin is Chinese.

5. On or about June 2, 2023, Plaintiff Zhixi Xu brought her car to Defendant Flow Porsche for maintenance and detailing services.

6. On or about June 3, 2023, Defendant Flow Porsche returned the Plaintiff's car to her without fully performing the detailing services.

7. On or about June 3, 2023, Plaintiff Zhixi Xu returned the car to Defendant Flow Porsche and requested that Defendant complete the detailing service, and Defendant agreed.

8. On or about June 3, 2023, Defendant Flow Porsche returned Plaintiff's car to her and still had not completed the detailing service.

9. Plaintiff's car is equipped with an internal camera that records audio and video automatically when someone enters the car. The internal camera announces that it is recording when it turns on and begins recording.

10. After Defendant Flow Porsche returned Plaintiff's car to her for the second time without completing the detailing service, Plaintiff reviewed the recording from the internal camera in her car. The internal camera recorded a Flow Porsche employee entering the Plaintiff's car on the second request for service admitting that he had "cheated" in performing the detailing service because Plaintiff is "Chinese," and "Chinese people are dirty." The Flow employee also stated that the reason he had been caught cheating is because Plaintiff did not fit that negative stereotype.

11. At all times relevant herein, the Flow employee was performing a job-related service for Defendant Flow Porsche.

12. As a result of the acts of discrimination described herein, Plaintiff has suffered significant injuries and damages, including emotional distress, embarrassment, anxiety, and depression.

13. Plaintiff timely filed a Verified Complaint with the Commonwealth of Virginia Office of the Attorney General – Office of Civil Rights ("Office of Civil Rights") pursuant to Virginia Code § 2.2-3907. Plaintiff's Verified Complaint included the discriminatory acts complained of herein.

### COUNT 1 – UNLAWFUL DISCRIMINATION
### Violation of 42 U.S.C § 1981

14. Plaintiff incorporates the allegations contained in paragraphs 1-13 as if specifically alleged herein.

15. Section 1981 of Title 42 of the United States Code ("Section 1981") provides: "All persons within the jurisdiction of the United States shall have the same right in every State and Territory

to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws … as is enjoyed by white citizens." 42 U.S.C. § 1981(a).

16. Under Section 1981, "the term 'make and enforcement contracts' includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms and conditions of the contractual relationship." 42 U.S.C. § 1981(b).

17. In enacting Section 1981, "Congress intended to protect from discrimination identifiable classes of persons who are subjected to intentional discrimination solely because of their ancestry or ethnic characteristics." *St. Francis College v. Al-Khazraji,* 481 U.S. 604, 609-613, 107 S.Ct. 2022, 95 L.Ed.2d 582 (1987).

18. Plaintiff is of Chinese ancestry and has Chinese ethnic characteristics. As such, she is a member of a protected class under Section 1981.

19. Plaintiff made herself available to receive and pay for services ordinarily provided by Defendant Flow Porsche to all members of the public in the manner in which they were ordinarily provided.

20. Plaintiff did not enjoy the privileges and benefits of the contracted for services under factual circumstances that support an inference of unlawful discrimination in that Defendant Flow Porsche deprived Plaintiff the full services available and provided to similarly situated persons outside of Plaintiff's protected class and Defendant Flow Porsche partially provided the services in a markedly hostile manner that a reasonable person would find objectively unreasonable and based on her membership in a protected class.

21. In discriminating against Plaintiff, Defendant acted with malice or reckless indifference to Plaintiff's federally protected rights.

22. As a result of the unlawful discrimination by Defendant Flow Porsche, Ms. Xu has suffered significant injuries and damages, including severe emotional distress, humiliation, embarrassment, the cost of service required to her vehicle, and other injuries and damages.

23. Plaintiff is entitled to compensatory damages, punitive damages, and her reasonable attorney's fees and costs.

## COUNT 2 – UNLAWFUL DISCRIMINATION
### Violation of the Virginia Human Rights Act, Va. Code § 2.2-3904(B)

24. Plaintiff incorporates the allegations contained in paragraphs 1-23 as if specifically set forth herein.

25. The VHRA recognizes that "[i]t is the policy of the Commonwealth to … [s]afeguard all individuals within the Commonwealth from unlawful discrimination because of race, color … [or] national origin … in places of public accommodation." Va. Code § 2.2-3900(B)(1).

26. Defendant Flow Porsche is a "place of public accommodation" within the meaning of the VHRA, which defines "places of public accommodation" to mean "all places or businesses offering or holding out to the general public goods, services, privileges, facilities, advantages, or accommodations." Va. Code § 2.2-3904(A).

27. The VHRA makes it unlawful for a place of public accommodation to refuse, or attempt to refuse, service to a person because of his or her race, and reads: "It is an unlawful discriminatory practice for any person, including the … employee of any place of public accommodation, to refuse, withhold from, or deny any individual, or attempt to refuse, withhold from, or deny any individual, directly or indirectly, any of the accommodations, advantages, facilities, services, or privileges made available in any place of public accommodation, or to segregate or discriminate

against any person in the use thereof … on the basis of race, color [or] national origin….″ Va. Code § 2.2-3904(B).

28. Defendant Flow Porsche violated the Plaintiff's rights under § 2.2-3904(B) of the VHRA when its employee refused and/or attempted to refuse her service because of her race and/or color and/or national origin.

29. As a result of the unlawful discrimination by Defendant Flow Porsche, Ms. Xu has suffered significant injuries and damages, including severe emotional distress, humiliation, embarrassment, the cost of service required to her vehicle, and other injuries and damages.

30. Plaintiff is entitled to compensatory damages, punitive damages, and her reasonable attorney's fees and costs.

## COUNT 3 – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

31. Plaintiff incorporates the allegations contained in paragraphs 1-30 as if specifically set forth herein.

32. Defendant Flow Porsche's employee's conduct was intentional or reckless in that he had the specific purpose of inflicting emotional distress or intended his specific conduct and knew or should have known that emotional distress would likely result.

33. Defendant Flow Porsche's employee's conduct was outrageous and intolerable in that it offends against the generally accepted standards of decency and morality.

34. Defendant Flow Porsche's employee's conduct caused Plaintiff's emotional injuries and damages, including emotional distress, embarrassment, humiliation, anxiety and depression.

35. Plaintiff is entitled to recover compensatory damages and punitive damages.

## PRAYER FOR RELIEF

36. WHEREFOR, Plaintiff requests that this Court enter judgment against Flow Porsche as follows:

    a. Award Plaintiff compensatory damages for her injuries and damages;

    b. Award Plaintiff punitive damages;

    c. Award Plaintiff her reasonable attorney's fees and costs; and

    d. Award such other and further relief as may be appropriate under the circumstances.

Respectfully Submitted,

Zhixi Xu,

/s/ William C. Tucker
William C. Tucker (VSB No. 40754)
Tucker Law Firm, PLC
690 Berkmar Circle
Charlottesville, Virginia 22901
(833) 388-2537 Phone
(833) 388-2537 Fax
Email: bill.tucker@tuckerlawplc.com
*Attorney for Plaintiff*